UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

ALICJA Z. WOJTYNA, )
    Plaintiff )
     )
vs. )   Case No. 04 10235WGY
     )
MATTHEW S. RIDEOUT, )
    Defendant )

## DEFENDANT, MATTHEW S. RIDEOUT'S, ANSWER AND JURY CLAIM TO PLAINTIFF, ALICJA Z. WOJTYNA'S, COMPLAINT

### PARTIES

1. The defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1 and calls upon the plaintiff to prove the same.

2. The defendant admits the allegations contained in paragraph 2.

### INTRODUCTION

3. The defendant is without sufficient knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 and calls upon the plaintiff to prove the same.

### JURISDICTION

4. The defendant denies that the matters in controversy, exclusive of interest and costs, exceed the sum of Seventy-Five Thousand ($75,000.00) Dollars. The remainder of paragraph 4 is admitted.

### COUNT I

5. The defendant repeats, realleges and incorporates herein his answer as set forth in Paragraphs 1-4 of this Answer.

6. The defendant admits the allegations contained in Count I, paragraph 6.

7. The defendant admits the allegations contained in Count I, paragraph 7.

8. The defendant denies the allegations contained in Count I, paragraph 8.

9.      The defendant denies the allegations contained in Count I, paragraph 9.

**WHEREFORE, the defendant, Matthew S. Rideout, denies that the Plaintiff, Alicja Wojtyna, is entitled to judgment against him.**

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE
The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff is greater than the negligence of the defendant.

### SECOND DEFENSE
The claims arising out of the subject matter of the transactions and occurrences alleged are barred by an absence of legal responsibility on the part of the defendant.

### THIRD DEFENSE
The defendant claims an exemption from tort to the extent that the plaintiff is entitled to recover under the provisions of a motor vehicle liability policy or bond that provides personal injury protection benefits.

### FOURTH DEFENSE
The plaintiff may not recover damages for pain and suffering including mental suffering associated with the alleged injuries since the plaintiff did not incur expenses for reasonable and necessary medical services, as defined in M.G.L. Ch.. 231 § 6D in excess of the monetary amount required and the injuries alleged are not within any of the exceptions contained in said statute.

### FIFTH DEFENSE
This action should be dismissed for insufficient service of process.

### SIXTH DEFENSE
This action should be dismissed for insufficient process.

### SEVENTH DEFENSE
The plaintiff's complaint fails to state a claim for which relief may be granted, and should be dismissed pursuant to F.R.C.P. 12(b)(6).

### EIGHTH DEFENSE
The defendant hereby gives notice that he intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserves the right to amend his Answer and to assert any such defense by appropriate motion.

NINTH DEFENSE
The Court lacks jurisdiction over the subject matter.

**THE DEFENDANT DEMANDS A TRIAL BY JURY AS TO ALL ISSUES.**

Respectfully submitted,
Defendant, by her attorney,

Gregory K. Lyon
BBO #632718
Law Office of Susan B. Hulme
160 Gould Street, Suite #110
Needham, MA 02494-2300
(781) 449-8702

3/9/04
DATED

## CERTIFICATE OF SERVICE

I, Gregory K. Lyon, Attorney for the Defendant, Matthew S. Rideout, hereby certify that on this date I served the following document:

**Defendant, Matthew S. Rideout's, Answer and Jury Claim to Plaintiff, Alicja Wojtyna's, Complaint.**

by mailing a copy of the same first class mail, postage prepaid, to all counsel of record: Sal J. Germani, Esquire, Germani & Germani, P.C., 50 Union Street, P.O. Box 2178, Attleboro, MA 02703.

3/9/04
DATED

Gregory K. Lyon